**LAW OFFICE OF STEWART KATZ**
STEWART KATZ, State Bar #127425
555 University Avenue, Suite 270
Sacramento, California 95825
Telephone: (916) 444-5678
Facsimile:  (916) 444-3364

Attorney for Plaintiffs
Estate of JOSEPH DANIEL MALDONADO, deceased, by and through SABRINA PEREZ, as successor in interest; SABRINA PEREZ, Individually; and RENEE M. NUNEZ, Individually

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Estate of JOSEPH DANIEL MALDONADO, deceased, by and through SABRINA PEREZ, as successor interest; SABRINA PEREZ, Individually; and RENEE M. NUNEZ, Individually,<br><br>              Plaintiffs,<br><br>     vs.<br><br>Secretary of the California Department of Corrections and Rehabilitation RODERICK HICKMAN; Deputy Director of Institutions and Camps YVETTE MARC-AURELE; Acting Superintendent of N.A. Chaderjian Youth Correctional Facility ERIC UMEDA; and DOES I through XL, inclusive,<br><br>              Defendants.<br>_____/ | NO.  2:06-CV-02696 MCE GGH<br><br><br><br>**PROTECTIVE ORDER RE: JOSEPH MALDONADO'S RECORDS** |

///

1   This Protective Order is entered into by and between the Plaintiffs Sabrina Perez
2   and Rene M. Nunez and the Defendants in this matter, by and through their respective
3   counsel of record.
4   The parties hereby agree, and the Court hereby orders that the following provisions
5   shall apply to all central/master, educational, medical, psychiatric, living unit and field files
6   (collectively "Ward Files") of decedent Joseph Maldonado produced in response to
7   discovery propounded in this action and/or the orders of Magistrate Judge Gregory G.
8   Hollows:
9      1.   The Ward Files and Juvenile Court Records of Joseph Maldonado obtained in
10   this action, and the information contained in the files,[1] shall be regarded as "Confidential
11   Material" and subject to this protective order.
12      2.   Confidential Material shall be used solely in connection with this litigation and
13   the preparation and trial of this case, or any related appellate proceeding, and not for any
14   other purpose, including any other litigation.
15      3.   Confidential Material may not be disclosed to individual Defendants or to
16   unnecessary third parties and may only be disclosed to individuals set forth in paragraph 4.
17      4.   Confidential Material may be disclosed to the following persons:
18         (a)   Counsel for any party in this action;
19         (b)   Legal, paralegal, stenographic, clerical, and secretarial personnel
20   regularly employed by counsel referred to in (a);
21         (c)   Court personnel, including stenographic reporters engaged in such
22   proceedings as are necessarily incidental to preparation for the trial of this action;
23         (d)   Any outside expert of consultant retained in connection with this
24   action, and not otherwise employed by either party;

---

[1] As to the juvenile court records, identifying information regarding victims, witnesses, and possible co-defendants in any alleged criminal conduct by decedent prior to his placement in the CYA/DJJ shall be redacted.

(e)     Any "in house" expert designated by defendants to testify at trial in this matter.

(f)     Witnesses to whom the Ward Files and the information contained in the files may be disclosed during a deposition taken in this matter and during trial only, provided that the witness is advised to the terms of this Order.  Witnesses may not retain documents.  If a deposition is filed, documents are to be sealed.

5. Anyone that receives or is disclosed Confidential Material shall be bound by the provisions of this stipulation and shall not disclose the information in violation of this stipulation.

6. Each person to whom disclosure is made, with the exception of counsel who are presumed to know of the contents of this stipulation, shall prior to the time of disclosure be provided by the person furnishing him/her such material a copy of this stipulation.  Any violation of this stipulation shall result in contempt of court.

7. At the conclusion of trial and of any appeal or upon the termination of this litigation, Confidential Material received under this stipulation (including any copies made) shall be tendered back to the Plaintiffs upon demand.  Provisions of this stipulation insofar as they restrict disclosure and use of Confidential Material shall be in effect until further order of the court.

8. The Ward Files and/or documents from the files that are filed with the Court shall be filed with a motion to file under seal.  Any documents filed under seal will be labeled with a cover sheet bearing the case name along with the following statement: **"This document is subject to a protective order issued by the Court and shall not be examined or copied except in compliance with that order."**  Upon failure of the filing party to file the Ward Files under seal, any party may request that the Court place the document under seal.  (See Local Rule of the U.S. District Court for the Eastern District of California 39-141.)

9. The foregoing is without prejudice to the right of any party:  (a) to apply to the court for a further protective order relating to any materials relating to discovery in this

1 litigation; (b) to apply to the court for an order removing Confidential Material from this
2 stipulation; and (c) to apply to the court for an order compelling production of documents
3 or modification of this stipulation or for any order permitting disclosure of Confidential
4 Material beyond the terms of this stipulation.

5     10. Nothing in this stipulation shall preclude a party from showing or disclosing to any
6 person not listed in paragraph 4 of this stipulation deposition transcripts, pleadings or briefs
7 containing Confidential Material if the document containing them has been masked or
8 deleted so that no disclosure of Confidential Material occurs.

9     11. Nothing herein shall impose any restrictions on the use or disclosure by a party of
10 material obtained by such party independent of discovery in this action, whether or not
11 such material is also obtained through discovery in this action, or from disclosing its own
12 confidential material as it deems appropriate. Neither party nor their agents shall disclose
13 any information contained in any Ward Files. Receipt by any party of any confidential
14 information shall not be either an admission or claim that the information is private,
15 confidential, proprietary, and/or trade secret, as asserted by the propounding party, nor an
16 admission with respect to the authenticity, competency, relevance or materiality thereof.

Dated: November 28, 2007        LAW OFFICE OF STEWART KATZ

                                          By:    /s/ Stewart Katz
                                                Stewart Katz,
                                                Attorney for Plaintiffs

Dated: November 28, 2007        OFFICE OF THE ATTORNEY GENERAL

                                          By:    /s/ Monica Anderson
                                                Monica Anderson,
                                               Attorney for Defendants

Dated: November 29, 2007                APPROVED AS TO FORM:


                                        By:    /s/ Barbara L. Sheldon
                                                Barbara L. Sheldon
                                                Chief Counsel
                                                Attorney for Non-Party Office of the
                                                Inspector General



**IT IS SO ORDERED:**

DATED:  December 4, 2007

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE